JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 06-F-053-JK.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

ST. PAUL FIRE AND MARINE INSURANCE COMPANY a/s/o Panalpina, Inc.,

                        Plaintiff,

- against -

OLD DOMINION FREIGHT LINE, INC.,

                        Defendant.

------------------------------------------------------------------x



       Plaintiff, St. Paul Fire & Marine Insurance Company a/s/o Panalpina, Inc., by their attorneys, Badiak,& Will, LLP, as and for their Complaint herein against the defendant, alleges upon information and belief as follows:

       1.      Plaintiff, St. Paul Fire & Marine Insurance Company (hereinafter referred to as "St. Paul"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of the State of Minnesota and provided all-risk cargo insurance for the subject shipments hereinafter described, and maintained an office and place of business at 485 Lexington Avenue, Suite 500, New York, New York, 10017.

2. Plaintiff, ST. PAUL, has paid the consignee and owner of the shipment mentioned hereinafter pursuant to the cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

3. Defendant, OLD DOMINION FREIGHT LINE, INC., (hereinafter referred to as "ODFL"), is and was a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at 500 Gardner Avenue, Brooklyn, New York 11222, and is and was at all times hereinafter mentioned, a common carrier engaged in the interstate carriage of goods by motor carriage for hire

4. All and singular the following premises are true and constitutes a claim affecting Interstate Commerce within the meaning of 28 U.S.C. §1337 and/or arising under this Court's ancillary and/or pendent jurisdiction.

## FIRST CAUSE OF ACTION

5. On or before September 20, 2005, plaintiff's assured, Panalpina, Inc., delivered or caused to be delivered to defendant ODFL at Greenville, SC,, a shipment consisting of 1 FMA Pleating Machine for carriage from Greenville, SC, to Williston, VT, by interstate motor carriage pursuant to ODFL's Probill numbered 03007305141, dated on or about September 20, 2005.

6. The shipment, when delivered to defendant ODFL was in good order and condition.

7. Defendant ODFL delivered the shipment under the aforementioned waybill at the place of delivery in a damaged condition and having failed to property care for the shipment in accordance with it's contract of carriage, said damage occurring while in the custody and control of defendant ODFL, all in breach of it's duties as a common carrier of goods by interstate motor carriage.

8. Plaintiff St. Paul insured the subject shipment against risk of loss in transit under a policy of insurance and was obligated to and did make payment to plaintiff's assured for the loss described herein in the amount of $71,655.44.

9. As a proximate result of defendant ODFL's breach of their contract of carriage, plaintiff has been damaged in the amount of $71,655.44.

10. Plaintiff's assured, the shipper, and the consignee have all performed all conditions required on their part to be performed pursuant to the terms and conditions of the aforesaid contract of carriage, including a timely written notice of claim.

11. Accordingly, plaintiff St. Paul is entitled to bring this action as subrogee and is entitled to maintain an action against the defendant ODFL for the losses sustained to the subject shipment.

12. Plaintiff has been damaged in the amount of $71,655.44, which amount, although duly demanded, has not been paid by defendant ODFL.

## SECOND CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

14. Defendant ODFL failed to exercise reasonable care in the handling and transit of the foregoing shipment. As a proximate result of defendant ODFL's failure to exercise reasonable care, all without negligence or fault on the part of the plaintiff, its assured or the consignor, plaintiff has been damaged in the amount of $71,655.44 which amount, although duly demanded, has not been paid.

## THIRD CAUSE OF ACTION

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

16. The loss and damage to the aforementioned shipment was the direct and proximate result of defendant ODFL's reckless disregard for the safety of the shipment and/or willful misconduct and/or the reckless disregard for the safety of the shipment and/or willful misconduct on the part of an agent and/or employee of defendant ODFL acting within the scope of their employment, causing damage to the plaintiff in the amount of $71,655.44.

17. By virtue of the foregoing, plaintiff has been damaged in the amount of $71,655.44 which amount, although duly demanded, has not been paid.

WHEREFORE, plaintiff St. Paul Fire & Marine Insurance Company demands judgment against the defendant OLD DOMINION FREIGHT LINES, INC., in the total amount of $71,655.44, together with interest and the costs and disbursements of this action.

Dated: Mineola, New York
       August 7, 2008

                            BADIAK & WILL, LLP
                            Attorneys for Plaintiff,
                            ST. PAUL FIRE & MARINE INSURANCE COMPANY

                            By: _____
                                JAMES P. KRAUZLIS (JK-4972)